﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 191213-54394
DATE: October 30, 2020

REMANDED

Entitlement to service connection for sleep apnea, to include as secondary to the service-connected posttraumatic stress disorder (PTSD), is remanded.

REASONS FOR REMAND

The Veteran had active duty service in the United States Army from July 1965 to May 1967, with service in Vietnam. 

The Board notes that the rating decision on appeal was issued in August 2019 and is subject to the Appeal Modernization Act (AMA). 84 Fed. Reg. 138, 169 (Jan. 18, 2019); 38 C.F.R. § 19.2. The Veteran timely appealed this rating decision to the Board in December 2019 and requested the hearing review lane.

In the August 2019 AMA decision, the Agency of Original Jurisdiction (AOJ) confirmed the Veteran is service connected for PTSD and that the November 2015 sleep study reflected a diagnosis of sleep apnea. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104 (c)).

In July 2020, the Veteran testified virtually before a Veterans Law Judge. A copy of the hearing transcript is associated with the claims file.

Entitlement to service connection for sleep apnea, to include as secondary to the service-connected PTSD, is remanded.

The Veteran asserts that his sleep apnea is secondarily related to his service-connected PTSD.

Service treatment records (STRs) are silent for complaints or treatments for sleep apnea.

Post-service treatment records reflect a current diagnosis for obstructive and central sleep apnea from a November 2015 sleep study. See November 2018 Disability Benefits Questionnaire (DBQ). 

During his July 2020 hearing, the Veteran testified that he experienced sleeplessness, excessive snoring, and fatigue prior to his PTSD diagnosis and difficulty sleeping due to paranoia while on guard duty in service. He stated that he served on guard duty every night for three months and feared attacks. He also reported continued difficulty sleeping and hypervigilance following service. 

Due to the Veteran’s contentions and since he has not been provided a VA examination, a remand is required for an examination to determine the nature and etiology of the Veteran’s sleep apnea. See McLendon v. Nicholson, 20 Vet. App. 79 (2006). 

The matters are REMANDED for the following action:

Schedule the Veteran for a VA examination to determine the nature and etiology of his sleep apnea. Provide a copy of this remand and record for the examiner to review. Any and all studies, tests, and evaluations deemed necessary by the examiner should be performed.

(a) The examiner must determine whether it is at least as likely as not (50 percent probability or more) that the Veteran’s sleep apnea is proximately due to OR aggravated by his service-connected PTSD.

Permanent worsening of a non- service-connected disability is not required to establish secondary service connection on the basis of aggravation. See Ward v. Wilkie (16-2157, 17-1204).

The examiner must provide separate findings and rationales relating to causation and aggravation.

(b) The examiner must also address whether it is at least as likely as not (50 percent probability or more) that the Veteran’s sleep apnea had its onset during service or is otherwise related to Veteran’s active service. 

The examiner must provide a rationale in support of all opinions provided. If any opinion cannot be provided without resorting to speculation, the examiner must explain why this is so.

 

 

L. CHU

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Y. Asfaw, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.